The Honorable Otis Davis State Representative 1112 Fourth Street Earle, AR 72331
Dear Representative Davis:
I am writing in response to your request for my opinion on a question you have submitted on behalf of a constituent who disputes the assessed value of her property. Your constituent recites the following factual background:
 In 1999 my husband I purchased property in Izard County. The appraised value was $115,000.00 with an assessed value of 23,000.00. After the county-wide appraisal the value was increased to 703,300.00 with an assessed value of $140,660.00. My taxes went from $875.15 to $5,387.99 annually. I called the officials of Izard County and they reduced the value to $238,000.00 which is what we paid for the property. After numerous explainations [sic], the assessor stated that the square footage of the top two floors of the building on my property was not included in the appraised value originally. (The building was 21 years old when we bought it[.]) This clerical error was classified as "new discovery" by the assessor. It is obvious they knew the building was there all this time, it was clearly an error on their part and not new discovery. Act 572/1999 Property Taxpayers Bill of Rights Section (2)(7) refers to clerical or technical errors in property valuations, Section (3)(1) addresses newly discovered, newly constructed property values. Clearly these issues were addressed with separate consideration.
 Limitations on assessment increases provided by Amendment 79, does [sic] not address clerical errors, it only addresses newly discovered or new const[r]uction.
 The increase of my property value was based on new discovery and my taxes were increased all at once instead of the 10% annually.
Against this backdrop, your constituent has asked you to pose the following question:
 Can a clerical error by the appraiser/assessors office (apparently for 20 years) be classified as new discovery for the purpose of determining the increase on my taxes?
RESPONSE
I must note at the outset that I am statutorily restricted in the advice I can render to your constituent. My advisory function is limited to counseling various public servants and entities on constitutional and legal matters of official significance. A.C.A. § 25-16-706. Moreover, under A.C.A. § 25-16-701, I am precluded from engaging in or assisting the private practice of law. Accordingly, this opinion is not provided for the benefit of private third parties and should not be relied upon for that purpose. However, I can and will set forth what I consider the general constitutional and statutory principles that I believe a finder of fact would apply in addressing the situation your constituent has described.
Your constituent has expressed concern about the effect on her assessments of Ark. Const. amend. 79, whose scope I summarized as follows in Ark. Op. Att'y Gen. No. 2004-134:
 Amendment 79 provides that increases in the assessed value of property, excluding newly discovered real property, new construction or substantial improvements to real property, will be limited to 10% in any given year, and to 5% on a homestead. The amendment further precludes increasing the assessed value of the homesteads of the disabled or persons over the age of 65.
Accord Ark. Op. Att'y Gen. No. 2004-300.
Your constituent reports that for a period of approximately 20 years, the property she purchased in 1999 was assessed based on an appraisal or appraisals that failed to take into account the square footage in the top two floors of a building located on the property. The assessor's office has reportedly characterized this square footage as "newly discovered real property," concluding that it should consequently be excluded pursuant to Amendment 79 from the 10% or 5% limitation on tax increases in any particular year. Your constituent strongly questions whether this formerly unassessed square footage qualifies as "newly discovered real property" for purposes of applying Amendment 79.
The term "newly discovered real property" is defined as follows in Acts 2005, No. 1268, § 2:
 SECTION 2. Arkansas Code Title 26, Chapter 26, Subchapter 11 is amended to add an additional section to read as follows:
 26-26-1122. Definitions.
 (a) As used in this subchapter and in the Arkansas Constitution, Amendment 79:
* * *
 (3) "Newly discovered real property" means property that has never been on the assessment roll or that has changed use[.]
Without presuming to apply this definition to the recited facts, I will note that the term "property that has never been on the assessment roll" does not contain any qualification based upon why the property might not have appeared upon the assessment roll.
In her factual recitation, your constituent invokes in support of her position what she refers to as "Section (2)(7)" and "Section (3)(1)" of "Act 572/1999." I assume your constituent is referring to the following excerpts from Acts 1999, No. 572:
 SECTION 2. (a) It is the intent of this act that the following objectives shall apply to the operation of the property tax system for Arkansas taxpayers:
* * *
 (7) To require government officials or others responsible for valuation of property to review and correct any measurement error to the nearest foot, clerical error, or other technical error which occurred in the valuation of their property[.]
* * *
 SECTION 3. The following procedures shall be employed to ensure taxpayers receive adequate notice of value changes:
 (1) County wide reappraisals of real property shall be completed no later than July 1 of the year in which the county wide reappraisal is scheduled to be completed. Original valuations of newly discovered and newly constructed real and personal property shall be completed no later than July 1 of each assessment year.
These excerpts are currently codified as A.C.A. §§ 26-23-202(a)(7) and26-23-203(1)(B) (Supp. 2003), respectively. The first excerpt requires the correction of errors upon their discovery and the second requires that appraisals and reappraisals be conducted sufficiently early to allow the property owner to challenge the valuation. Neither excerpt addresses whether the property referenced therein might qualify as "newly discovered real property" as defined above.
As I initially noted, it is not my role to advise your constituent concerning the application of these statutes to her particular situation. I can only opine that any agency or court reviewing the matter might well focus on the question of whether a structure that has been previously assessed based on an insufficient calculation of square footage might be classified as containing "newly discovered real property" under the definition set forth at A.C.A. § 26-26-1662(a)(3). In my opinion, if the reviewing entity were to answer this question in the affirmative, it might well determine that the newly discovered real property would be subject to taxation at its full assessed value in the year following the valuation.
Finally, I must again stress that I intend nothing in this opinion to provide legal guidance applicable to the particular circumstances your constituent has recounted in her request. Should she wish to contest the assessment, she may wish to consult legal counsel and pursue relief before the Izard County Board of Equalization, which I am informed intends to entertain such challenges beginning in late August.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh